IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-31-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERTO PEREZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On May 15, 2006, pursuant to a plea agreement [D.E. 5], Roberto Perez, Jr. ("Perez") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. See [D.E. 5] 6, 9. The conspiracy took place from on or about 2002 until on or about December 20, 2005. See [D.E. 1] 1.

On July 10, 2007, the court held Perez's sentencing hearing. See Judgment [D.E. 25]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR"). The court calculated Perez's total offense level to be 35, his criminal history category to be V, and his advisory guideline range to be 262 to 327 months. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 23], the court sentenced Perez to 138 months' imprisonment. See [D.E. 25].

On September 15, 2014, Perez filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 27]. Perez's new advisory guideline range is 210 to 262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. See id. Perez seeks a 111-month sentence. See id.

The court has discretion to reduce Perez's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam)

(unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Perez's sentence, the court finds that Perez engaged in a serious and prolonged conspiracy to distribute and possess with intent to distribute cocaine. See PSR ¶¶ 1–9. Furthermore, Perez has a lengthy and disturbing criminal history, including multiple serious drug offenses. See id. ¶¶ 11–17. Nonetheless, while incarcerated on his federal sentence, Perez has engaged in some positive conduct. See Resentencing Report 1; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Perez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Perez's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Perez's serious criminal conduct and criminal history do not support reducing Perez's sentence. Thus, the court denies Perez's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Perez's motion for reduction of sentence [D.E. 27] is DENIED.

SO ORDERED. This 4 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

2